(C.D. 4628)

DOLLAR TRADING CORP. *v.* UNITED STATES

Court Nos. 70/39511, etc.

(Decided January 12, 1976)

*Allerton deC. Tompkins* for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*Joseph I. Liebman,* trial attorney), for the defendant.

NEWMAN, Judge: This consolidated action concerns the proper dutiable classification of certain rotary tools invoiced as "Burrs" or "Rotary Cutters" (with or without other words of description). The merchandise was exported from the United Kingdom and West Germany during the years 1968 and 1970 and entered at the port of New York.

The importations were assessed with duty at the rate of 27 or 21 per centum ad valorem, depending upon the year of entry, under the

provision in item 649.43, TSUS, as modified by T.D. 68–9, for "Cutting tools (except tools provided for in item 649.41) * * *". Plaintiff claims that the rotary tools are properly dutiable at the rate of 5 or 4 per centum ad valorem, depending upon the year of entry, under item 649.41, TSUS, as modified by T.D. 68–9, providing for "Files and rasps, including rotary files and rasps".

For the reasons stated hereinafter, plaintiff's claim is sustained.

## STATUTES INVOLVED

| | Interchangeable tools for hand tools or for machine tools, including dies for wire drawing, extrusion dies for metal, and rock drilling bits: | |
|---|---|---|
| 649.41 | Files and rasps, including rotary files and rasps_____ | * * * |
| 649.43 | Cutting tools (except tools provided for in item 649.41) with cutting part containing by weight over 0.2 percent of chromium, molybdenum, or tungsten, or over 0.1 percent of vanadium_____ | * * * |

## THE RECORD

The record comprises the testimony of one witness each for plaintiff and defendant: plaintiff's witness was Alvin Inwood, its purchasing agent and vice president; defendant's witness was Robert H. Thomas, chief product engineer for the Metal Removal Division of the Federal-Mogul Corporation. Additionally, the official papers were introduced in evidence by plaintiff, and numerous exhibits were introduced in evidence by both parties, viz: 24 exhibits by plaintiff; and 4 exhibits by defendant.

The imports are rotary cutting tools of carbon tool steel which were sold to the retail trade as "rotary burs", "bur sets", and as "burs".[1] These tools have a shank measuring ⅛ inch in diameter and a cutting head. The cutting head portion of the tools is of various sizes and shapes and has a "milled flute rotary bur type of tooth" (R.134). Rotary burs, such as the imports, are designed for deburing, metal removal, and metal finishing. The Coastal Abrasive and Tool Company, on whose behalf the plaintiff imported the rotary burs, sold rotary tools described as "rotary files", which were designed for the same uses as the imports, but had shanks ¼ inch or more in diameter.

---

[1] *Webster's Third New International Dictionary of the English Language* (1966) indicates that "burs" may also properly be spelled "burrs". At the trial, for the purposes of consistency, it was agreed that the former spelling ("burs") would be used (R.3).

The Coastal Abrasive and Tool Company distinguishes between "rotary files" and "rotary burs" solely on the basis of the diameter of the tool's shank (R.51, 60). Thus, Coastal's "rotary burs" have a shank diameter of ⅛ inch or less, while Coastal's "rotary files" have a shank diameter of ¼ inch or more. Defendant's witness Thomas distinguished between "rotary files" and "rotary burs" primarily on the basis of the method of forming the tool's cutting teeth. According to Thomas, "rotary files" have cutting teeth formed by hammer and chisel, while the teeth of "rotary burs" are formed by milling or grinding (R.114, 192). When asked on direct examination whether there are any distinctions between rotary files and rotary burs "aside from the method of manufacture", Thomas replied: "Not a great deal except the precision. I would suggest the rotary bur is a more precise type of tool, but it also is a keener cutting edge, and it allows resharpening" (R.114).

## Opinion

In substance, item 649.41 covers files and rasps, including rotary files and rasps, which are interchangeable tools for hand or machine tools. The foregoing tools, covered by item 649.41, are expressly excepted from item 649.43. There is no dispute between the parties that the rotary tools in issue are interchangeable tools for hand or machine tools. Further, plaintiff does not contend that the rotary tools are "rasps". Therefore, the issue is narrowed to whether the articles are "rotary files" within the purview of item 649.41, and thus expressly excepted from item 649.43.

Plaintiff's position is that the rotary burs are used for the same purposes as rotary files (i.e., deburing, metal removal and metal finishing), and therefore should be dutiable under item 649.41. Defendant does not dispute that rotary burs and rotary files are closely related in use, but contends that burs are not classifiable as files because the latter have cutting edges formed by chisel cuts whereas the former have cutting edges formed by milling or grinding.

While there is lexicographic authority that the cutting ridges of files are formed by chisel cuts,[2] there are also many lexicographic authorities defining the term "file" without reference to the method of producing the cutting ridges. For example:

*The Random House Dictionary of the English Language* (Unabridged) (1966):

filed * * * 1. a long, narrow tool of steel or other metal having a series of ridges or points on its surfaces for reducing or smoothing surfaces of metal, wood, etc.

---

[2] *Webster's Third New International Dictionary of the English Language* (1966). See also: *Machinery's Handbook* (16th ed. 1959), page 1638; *The New American Machinist's Handbook* (1955), section 3–7.

*Britannica World Language Edition of Funk & Wagnalls Standard Dictionary* (1963):

file * * * 1. A hard steel abrading or smoothing instrument with ridged cutting surfaces.

*Dictionary of Technical Terms* (1957):

file * * * A hard steel instrument, made in various shapes and sizes, for smoothing wood or metal. * * *

*Audels Mechanical Dictionary* (1942):

file. — A steel instrument, having its surface covered with sharp edged furrows or teeth, used for abrading or smoothing other substances; as, metals, wood, etc.

Additionally, the term "rotary file" has been defined as follows—

*Webster's Third New International Dictionary of the English Language* (1966):

rotary file * * * a file of cylindrical or modified cylindrical form that is given a rotating rather than a reciprocating motion.

Further, it appears from the testimony of plaintiff's witness that the teeth of files may be formed by milling as well as by the chisel (R.43). This testimony is supported by *Mechanical Engineers' Handbook* (4th ed. 1941), which states (at page 1846):

The *milled* files are true cutting tools. The teeth are formed by *milling* and have rake. * * * [Emphasis added.]

Moreover, plaintiff's witness testified that a rotary bur is a type of rotary file (R.49–50). Significantly, this testimony is strongly buttressed by the United States Tariff Commission's *Summaries of Trade and Tariff Information* (1968), which summaries were "Prepared in Terms of the Tariff Schedules of the United States (TSUS)".[3] So far as pertinent, the summaries state (schedule 6, volume 6, pages 67–68):

Description and uses

This summary covers hand and machine files and rasps (including rotary files *and burrs*), which are cutting tools used for smoothing and shaping metal, wood, and other materials. Although rasps are separately named in the TSUS, they are actually a type of file. *Burrs are a type of file which are usually referred to by name rather than as files*; they are therefore referred to separately in this summary. [Emphasis added.]

\* \* \* \* \* \* \*

Files and rasps that are interchangeable tools (item 649.41) are referred to as "machine files" in this summary. These files

---

[3] The *Summaries of Trade and Tariff Information* have been referred to by our appellate court as an aid in determining the scope of tariff provisions. See e.g., *American Bristle & Hair Drawing Co., Keer Maurer & Co.* v. *United States,* 59 CCPA 104, 108, C.A.D. 1048, 458 F. 2d 542, 527 (1972); *Tanross Supply Co. Inc. v. United States,* 58 CCPA 26, 31, C.A.D. 1000, 433 F. 2d 1332. 1336 (1970). See also *Lyons Export & Import, Inc.* v. *United States,* 59 CCPA 142, 144, C.A.D. 1056, 461 F. 2d 830, 831 (1972).

are made in a number of forms. Files quite similar to hand files are used in power-driven reciprocating filing machines. File bands, for use in band-filing machines, are composed of short file segments mounted on a continuous steel band. Rotary files and burrs are designed for use in electric and pneumatic hand tools and other power-driven equipment. These files consist of a short shaft on which is mounted a head in a ball, cone, cylinder, or similar shape. Usually file teeth are cut on the periphery of the head. Generally the method used in forming the teeth determines whether a tool is a file or a burr. Rotary files and burrs are used for forming fillets, chamfering edges, removing burrs, elongating holes, and similar operations.

In light of the Tariff Commission's significant comment covering the scope of item 649.41, it is apparent that irrespective of the method of forming the teeth, the drafters of the tariff schedules regarded rotary burs as a type of rotary file, and intended that such burs be classifiable under item 649.41.

For all the reasons stated herein, I conclude that the imported rotary burs are within the scope of item 649.41, and plaintiff's claim under that provision is sustained.

Judgment will be entered accordingly.